**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAN ABRAHAM NEL**<br>**Reg. No. 97310-380,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UNKNOWN EL PASO POLICE DEPARTMENT CHIEF, ROBERT SALIDO, EL PASO POLICE DEPARTMENT,**<br>**Defendants.** | **§ § § § § § § § § § §** | **NO. EP-20-CV-242-FM** |

**MEMORANDUM OPINION AND ORDER**

Jan Abraham Nel, a federal prisoner proceeding pro se and in forma pauperis,[1] seeks judicial assistance through a "Notice of Default." Pl.'s Notice, ECF No. 20. He observes the Defendants have failed to timely respond to his civil rights complaint. Id. at 1. He asks the Court to serve the Defendants. Id. at 2. He also moves for a hearing. Pl.'s Mot. for Hearing, ECF No. 16. And he moves to consolidate this case with his claims in cause numbers EP-20-CV-248-FM and EP-20-CV-249-FM. Pl.'s Mot. to Consolidate, ECF No. 24. For the following reasons, his motions are denied. In addition, his civil rights complaint is dismissed.

**REPORT AND RECOMMENDATION**

The Magistrate Judge to whom the Court referred this matter recommends that the Court deny the "Notice of Default." R. & R. 2, ECF No. 21; see 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). The Magistrate Judge explains that he is screening Nel's complaint pursuant to 28

[1] Nel is currently serving a 46-month sentence imposed in 2019 for wire fraud. See United States v. Nel, No. 3:17-CR-02152-DB-1 (W.D. Tex. Oct. 30, 2019).

U.S.C. §§ 1915(e)(2) and 1915A. R. & R. 2. Consequently, he finds that Nel's request is premature as "the Defendants have not been served." Id.

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Nel has not timely objected to the report and recommendation. Instead, he has moved the Court to consolidate this case, EP-20-CV-242-FM, with EP-20-CV-248-FM and EP-20-CV-249-FM. Pl.'s Mot. to Consolidate.

The Court will accordingly accept the report and recommendation of the Magistrate Judge and deny Nel's "Notice of Default." It will also review Nel's motion to consolidate and screen his three complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## APPLICABLE LAW

"[T]he Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e et seq. . . . mandates early judicial screening of prisoner complaints . . ." Jones v. Bock, 549 U.S. 199, 202 (2007). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Fleming v. United States, 538 F. App'x 423, 425 (5th Cir. 2013) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 325 (1989).  A case is malicious when it raises the same claims asserted in a prior or pending action.  Potts v. Texas, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) (citing Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  A complaint fails to state a claim upon which relief may be granted when it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).

The Constitution and laws of the United States do "not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332 (1986).  They do "not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."  County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).  Indeed, they are not a "font of tort law to be superimposed upon whatever systems may already be administered by the States."  Paul v. Davis, 424 U.S. 693, 701 (1976).

## ANALYSIS

### A.  EP-20-CV-242-FM

In EP-20-CV-242-FM—filed on Sep. 12, 2020—Nel brought a civil rights complaint under 42 U.S.C. § 1983.  Pl's Compl. 1, ECF No. 1.  His claims against multiple Defendants—the El Paso Police Department, the El Paso Police Chief, and El Paso Police Detective Robert Salcido—arose from his arrest at his home on April 28, 2016 and subsequent prosecution.  Mem. in Supp. 3, ECF No. 1-1.  His

arrest occurred in cause number 20160D02824 in the 210th Judicial District Court in El Paso, Texas, after he stole a truck valued at more than $20,000 but less than $100,000 from a car dealership. He alleged Defendants engaged in defamation, systemic racism, police brutality, false imprisonment, and family separation. Id. at 7, 9, 11, 13. He sought "financial relief." Id. at 13.

Notably, Nel does not deny that he was convicted by a jury on March 21, 2017 and sentenced by a state court to two years in custody for the theft. Nel v. State, No. 08-17-00075-CR, 2019 WL 257882, at *1 (Tex. App. Jan. 18, 2019). He does not claim that his conviction was ever reversed, vacated or set aside. He also does not suggest that he sustained a physical injury at the time of his arrest or that the courts ever invalidated his conviction.

The El Paso Police Department is an entity with no jural existence, and hence, Nel's claims against it are subject to dismissal. Darby v. Pasadena Police Dep't, 939 F.2d 311, 314 (5th Cir. 1991); see also Kirkendall v. Grambling & Mounce, Inc., 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. 1993). Additionally, supervisory officials—including the Chief of Police—cannot be held liable for the actions of subordinates on any theory of vicarious liability or respondeat superior. See Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987) (holding that supervisory officials cannot be held liable for the actions of subordinates on any theory of vicarious liability or respondeat superior); Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) (holding that a supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.").

Furthermore, Nel's claims—based on his 2016 arrest by Detective Salcido which led to his 2017 conviction—are barred by a two-year statute of limitations. Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998). And his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), which

"prohibits a plaintiff from using a § 1983 suit to challenge the validity of [a] conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." Daigre v. City of Waveland, Miss., 549 F. App'x 283, 286 (5th Cir. 2013) (citing Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008)). Consequently, because Heck dictates that Nel's complaint for damages under § 1983 for his purportedly unconstitutional arrest and imprisonment cannot accrue until his imprisonment has been invalidated, his complaint is subject to dismissal with prejudice. Stephenson v. Reno, 28 F.3d 26, 27–28 (5th Cir. 1994).

Nel also asserts various state tort claims against Defendants. If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, it may also exercise supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If the court dismisses the federal claim which serves as the basis for its original jurisdiction, it retains its statutory supplemental jurisdiction over any related state law claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639–40 (2009). Still, a court "may (or may not) choose to exercise" supplemental jurisdiction. Id. at 639 (citing 28 U.S.C. § 1367(a), (c)). Indeed, "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Id. In the Fifth Circuit, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

Admittedly, a court should generally offer a pro se litigant an opportunity to amend his complaint before dismissing it. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam). A court need not grant leave to amend, however, if the plaintiff has already pleaded his "best case." Id. In

determining whether to allow a plaintiff leave to amend, a court may examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n, 881 F.3d 933, 944 (5th Cir. 2018). As to the fifth factor, a court need not "'indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.'" United States ex rel. Jackson v. Univ. of N. Tex., 673 F. App'x 384, 388 (5th Cir. 2016) (quoting DeLoach v. Woodley, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)). Moreover, dismissal with prejudice is appropriate when it is evident that a plaintiff has already alleged his "best case," thereby rendering any opportunity to amend an exercise in futility. Jones v. Greninger, 188 F.3d 322, 326–27 (5th Cir. 1999).

The Court finds that Nel cannot overcome the time and Heck bars to his claims in EP-20-CV-242-FM. Thus, permitting Nel to amend his complaint would be a futile gesture. It will, therefore, dismiss Nel's federal claims which serve as the basis for its original jurisdiction. It will also decline to exercise its supplemental jurisdiction over Nel's state-law claims. It will, therefore, deny his motion to consolidate his claims—and it will dismiss his complaint with prejudice.

**B. EP-20-CV-248-FM**

In EP-20-CV-248-FM—filed on Sep. 21, 2020—Nel brought claims pursuant the Federal Tort Claims Act (FTCA) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). His allegations against Defendants—the United States of America, the Federal Bureau of Investigations, and five federal agents—arose from his arrest in front of his family on April 28, 2016, and his subsequent arrest on December 15, 2017 by federal authorities in cause number EP-17-CR-02152-DB-1 in the Western District of Texas for conspiracy to defraud the United States, making

fraudulent claims, wire fraud, and money laundering. He subsequently pleaded guilty, pursuant to a plea agreement, to wire fraud and was sentenced to 46-months' imprisonment on October 29, 2019. He alleged defamation, systemic racism, police brutality, false imprisonment, and family separation.

The FTCA does not waive sovereign immunity for libel or slander (defamation). 28 U.S.C. § 2680(h). It may waive sovereign immunity for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution by law enforcement officers. But in this case, Nel has not alleged an assault or battery—and he pleaded guilty, pursuant to a plea agreement, to wire fraud. So, he cannot now claim false imprisonment, false arrest, abuse of process, or malicious prosecution. Consequently, "sovereign immunity has not been waived" and Nel cannot recover for alleged violations of his rights under the FTCA. Joiner v. United States, 955 F.3d 399, 407 (5th Cir. 2020).

"Bivens claims [against individual federal agents] generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, see Bivens, 403 U.S. at 389–90, 91; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14(1980)." Oliva v. Nivar, 973 F.3d 438, 442 (5th Cir. 2020). Nel has not suggested federal officers strip-searched him in front of his family or used excessive force. In fact, he was arrested while in state custody. Hence, his claims against the federal actors do not fall within the circumstances which could entitle him to relief under Bivens.

The Court finds Nel has not alleged a cognizable federal claim in EP-20-CV-248-FM. It further finds that permitting Nel to amend his complaint would be a futile gesture for the reasons discussed

above. It will, therefore, dismiss Nel's federal claims which serve as the basis for its original jurisdiction. It will also follow the general rule and decline to exercise its supplemental jurisdiction over Nel's state-law claims.

**C. EP-20-CV-249-FM**

In EP-20-CV-249-FM—filed on September 20, 2020—Nel brought claims against multiple Defendants—the State of Texas, state police agencies, and state actors—for alleged constitutional violations associated with his arrest (1) on April 28, 2016 in cause number 20160D02824 for theft; (2) on March 24, 2017 in cause number 20170D02200 in the 210th Judicial District Court in El Paso County for trafficking a person; and (3) on December 15, 2017 by federal authorities while in state custody in cause number EP-17-CR-02152-DB-1 in the Western District of Texas for conspiracy to defraud the United States, making fraudulent claims, wire fraud, and money laundering. He claimed defamation, systemic racism, police brutality, false imprisonment, family separation, intimidation, fear mongering, humiliation, harassment, and stalking. He once again did not assert Defendants used excessive force against him.

Nel's claims in EP-20-CV-249-FM are barred by the two-year statute of limitations. Pena, 157 F.3d at 987.

In addition, "[s]ection 1983 does not waive the states' sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 338 n. 7 . . . (1979), and Texas has not consented to this suit. See Emory v. Texas State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir.1984)." Aguilar v. Texas Dep't of Crim. Just., 160 F.3d 1052, 1054 (5th Cir. 1998). The Eleventh Amendment also bars suits against state officials when "the state is a real, substantial party in interest." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984) (citations omitted).

The trafficking a person charge was dismissed, but his claims arising from his arrests on April 28, 2016 for theft and on December 15, 2017 for wire fraud—which resulted in convictions—are Heck barred.

Qualified immunity protects "'state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" Jackson v. City of Hearne, 959 F.3d 194, 200 (5th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "'To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate.'" Id. (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)). To defeat the defense of qualified immunity, a plaintiff must plausibly allege a violation of a constitutional right that was clearly established at the time of the purported violation. Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist., 942 F.3d 258, 264 (5th Cir. 2019).

The Constitution and laws of the United States do "not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento, 523 U.S. at 849. Defamation is not a constitutional tort cognizable in an action brought pursuant to § 1983. Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001). Separating prisoners from their families is plainly legal. Thornburgh v. Abbott, 490 U.S. 401, 408 (1989) ("this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world"). "[T]here is no constitutional right to be free from abuse of process or malicious prosecution." Morgan v. Chapman, 969 F.3d 238, 251 (5th Cir. 2020). Consequently, Nel has not

alleged a violation of a constitutional right that was clearly established at the time of the purported violation.  The individually named Defendants are entitled to qualified immunity.

In sum, the Court finds Nel has not asserted a cognizable federal claim in EP-20-CV-249-FM.  It further finds that permitting Nel to amend his federal claims would be a futile gesture.   It will, therefore, dismiss Nel's federal claims which serve as the basis for its original jurisdiction.  The Court will also follow the general rule and decline to exercise its supplemental jurisdiction over Nel's state-law claims.

## CONCLUSIONS

The Court concludes that it should accept the report and recommendations of the Magistrate Judge and deny Nel's "Notice of Default."  After reviewing Nel's motion to consolidate and screening his three complaints, the Court concludes that his complaints are frivolous and should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  The Court also concludes that permitting him to consolidate and amend his complaints would be a futile gesture as he cannot cure the deficiencies in his pleadings.  Therefore, the Court enters the following orders:

**IT IS ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 21) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Nel's "Notice of Default" (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Nel's "Motion to Withdraw and a Notice to Consolidate All 3 Civil Right Complaints into one Civil Rights Complaint" (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that Nel's "Complaint for Violation of Civil Rights" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **29th** day of April 2021.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**